UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ANDREW ROCKHOLD,<br><br>　　　　　　　　　　Petitioner,<br><br>v.<br><br>WILLIAM GORE, et al.,<br><br>　　　　　　　　　　Respondents. | Case No.:  21-cv-835-MMA (LL)<br><br>**ORDER DISMISSING CASE WITHOUT PREJUDICE AND WITH LEAVE TO AMEND** |

On April 28, 2021, Michael Andrew Rockhold ("Petitioner), a state prisoner proceeding pro se, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.

### I. Failure to Satisfy Filing Fee Requirement

Petitioner has not paid the $5.00 filing fee and has not moved to proceed in forma pauperis.  A Petition for Writ of Habeas Corpus must either be accompanied by a $5.00 filing fee or an application to proceed in forma pauperis.  *See* Local Rule 3(a), 28 U.S.C. foll. § 2254.  The Court cannot proceed with Petitioner's case unless he has either paid the $5.00 filing fee or qualified for in forma pauperis status.

### II. Failure to State a Cognizable Federal Claim

Additionally, in accordance with Rule 4 of the rules governing § 2254 cases, Petitioner has failed to allege that his state court conviction or sentence violates the

Constitution of the United States. Title 28, United States Code, § 2254(a), sets forth the following scope of review for federal habeas corpus claims:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a) (emphasis added); *see Hernandez v. Ylst*, 930 F.2d 714, 719 (9th Cir. 1991). Thus, to present a cognizable federal habeas corpus claim under § 2254, a state prisoner must allege both that he is in custody pursuant to a "judgment of a State court," and that he is in custody in "violation of the Constitution or laws or treaties of the United States." *See* 28 U.S.C. § 2254(a).

Here, Petitioner states that "Respondent violated doctrine of 27 CFR 72.11 commercial crimes defined and *Black Diamond SS Corp. v. Robert Stewart and Sons* 336 U.S. 386 (1948). Commercial liability applies." Doc. No. 1 at 6. He also claims that he "tendered/posted financial instruments/bonds to settle all outstanding liabilities in relation to all charges," that all civil and criminal debts should be discharged, and he should be "at liberty." *Id.* Petitioner does not, however, claim he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254.

Further, the Court notes that Petitioner cannot simply amend his Petition to state a federal habeas claim and then refile the amended petition in this case. He must exhaust state judicial remedies before bringing his claims via federal habeas. State prisoners who wish to challenge their state court conviction must first exhaust state judicial remedies. 28 U.S.C. § 2254(b), (c); *Granberry v. Greer*, 481 U.S. 129, 133–34 (1987). To exhaust state judicial remedies, a California state prisoner must present the California Supreme Court with a fair opportunity to rule on the merits of every issue raised in his or her federal habeas petition. *See* 28 U.S.C. § 2254(b), (c); *Granberry*, 481 U.S. at 133–34. Moreover, to properly exhaust state court judicial remedies a petitioner must allege, in state court, how

one or more of his or her federal rights have been violated. The Supreme Court in *Duncan v. Henry*, 513 U.S. 364 (1995) reasoned: "If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution." *Id.* at 365–66 (emphasis added). For example, "[i]f a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court." *Id.* (emphasis added).

Additionally, the Court cautions Petitioner that under the Antiterrorism and Effective Death Penalty Act of 1996, a one-year period of limitation shall apply to a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)–(D).

The Court also notes that the statute of limitations does not run while a properly filed state habeas corpus petition is pending. 28 U.S.C. § 2244(d)(2); *see Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999); *but see Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (holding that "an application is 'properly filed' when its delivery and acceptance [by the appropriate court officer for placement into the record] are in compliance with the applicable laws and

rules governing filings"). However, absent some other basis for tolling, the statute of limitations does run while a federal habeas petition is pending. *See Duncan v. Walker*, 533 U.S. 167, 181–82 (2001).

### III. CONCLUSION

For the foregoing reasons, the Court **DISMISSES** this case without prejudice and with leave to amend. If Petitioner wishes to proceed with this case, he must, on or before **July 13, 2021**: (1) pay the $5.00 filing fee or submit adequate proof of his inability to pay the fee; and (2) file a First Amended Petition that cures the pleading deficiencies outlined in this Order. The Court further **DIRECTS** the Clerk of Court to mail Petitioner a blank motion to proceed in forma pauperis form and a blank First Amended Petition form together with a copy of this Order.

**IT IS SO ORDERED.**

Dated: May 7, 2021

_____
HON. MICHAEL M. ANELLO
United States District Judge

4

21-cv-835-MMA (LL)