**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MICHAEL ANDREW ROCKHOLD,<br><br>  Petitioner,<br><br>v.<br><br>WILLIAM GORE, et al.,<br><br>  Respondents. | Case No.: 21-cv-835-MMA (LL)<br><br>**ORDER DENYING MOTION TO PROCEED IN FORMA PAUPERIS AND DISMISSING CASE WITHOUT PREJUDICE AND WITH LEAVE TO AMEND**<br><br>[Doc. No. 3] |

On April 28, 2021, Michael Andrew Rockhold ("Petitioner), a state prisoner proceeding pro se, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. *See* Doc. No. 1. On May 7, 2021, the Court dismissed the case without prejudice and with leave to amend because Petitioner had failed to: (1) pay the $5.00 filing fee or move to proceed in forma pauperis; and (2) allege a federal constitutional violation. *See* Doc. No. 2. The Court granted Petitioner until July 13, 2021 to either pay the $5.00 filing fee or submit adequate proof of his inability to pay the fee and file a First Amended Petition that cured the pleading deficiencies outlined in the Court's May 7, 2021 Order. *See id.* On June 4, 2021, Petitioner filed a Motion to Proceed in Forma Pauperis and a document the Court construes as a First Amended Petition. *See* Doc. Nos. 3–4.

# I. MOTION TO PROCEED IN FORMA PAUPERIS

Petitioner has not provided the Court with sufficient information to determine his financial status. A request to proceed in forma pauperis made by a state prisoner must include a signed certificate from the warden or other appropriate officer showing the amount of money or securities Petitioner has on account in the institution. *See* Rule 3(a)(2), 28 U.S.C. foll. § 2254; *see also* Civ.L.R. 3.2. Petitioner has failed to provide the Court with the required Prison Certificate. Accordingly, the Court **DENIES** Petitioner's request to proceed in forma pauperis.

# II. FAILURE TO STATE A COGNIZABLE FEDERAL CLAIM

Additionally, Petitioner has again failed to adequately allege that his state court conviction or sentence violates the Constitution of the United States. Title 28, United States Code, § 2254(a), sets forth the following scope of review for federal habeas corpus claims:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a) (emphasis added); *see also Hernandez v. Ylst*, 930 F.2d 714, 719 (9th Cir. 1991). Thus, to present a cognizable federal habeas corpus claim under § 2254, a state prisoner must allege both that he is in custody pursuant to a "judgment of a State court," and that he is in custody in "violation of the Constitution or laws or treaties of the United States." *See* 28 U.S.C. § 2254(a).

While Petitioner has alleged that his trial counsel was ineffective, he has not provided any facts to support the allegation, and the remainder of his Petition consists of several pages of incomprehensible allegations. Rule 2(c) of the Rules Governing Section 2254 Cases states that the petition "shall set forth in summary form the facts supporting each of the grounds . . . specified [in the petition]." Rule 2(c), 28 U.S.C. foll. § 2254; *see*

*also Boehme v. Maxwell*, 423 F.2d 1056, 1058 (9th Cir. 1970) (trial court's dismissal of federal habeas proceeding affirmed where petitioner made conclusory allegations instead of factual allegations showing that he was entitled to relief). While courts should liberally interpret pro se pleadings with leniency and understanding, this should not place on the reviewing court the entire onus of ferreting out grounds for relief. *See Zichko v. Idaho*, 247 F.3d 1015, 1020 (9th Cir. 2001). In order to satisfy Rule 2(c), Petitioner must point to a "real possibility of constitutional error." *Cf. Blackledge v. Allison*, 431 U.S. 63, 75 n.7 (1977) (internal quotation marks omitted). Facts must be stated, in the petition, with sufficient detail to enable the Court to determine, from the face of the petition, whether further habeas corpus review is warranted. *See Adams v. Armontrout*, 897 F.2d 332, 334 (8th Cir. 1990).

This Court would have to engage in a tenuous analysis in order to attempt to identify and make sense of the First Amended Petition. Moreover, the lack of factual support in the Petition prevents the Respondent from being able to assert appropriate objections and defenses. Accordingly, the Court **DISMISSES** the First Amended Petition with leave to amend. Should Petitioner file a Second Amended Petition, he is advised to clearly and succinctly state all grounds for relief using the Second Amended Petition form sent with this Order.

### III. FAILURE TO ALLEGE EXHAUSTION OF STATE JUDICIAL REMEDIES

Further, the Court notes that Petitioner must exhaust state judicial remedies before bringing his claims via federal habeas. *See* 28 U.S.C. § 2254(b), (c); *see also Granberry v. Greer*, 481 U.S. 129, 133–34 (1987). To exhaust state judicial remedies, a California state prisoner must present the California Supreme Court with a fair opportunity to rule on the merits of every issue raised in his or her federal habeas petition. *See* 28 U.S.C. § 2254(b), (c); *see also Granberry*, 481 U.S. at 133–34. Moreover, to properly exhaust state court judicial remedies a petitioner must allege, in state court, how one or more of his or her federal rights have been violated. The Supreme Court in *Duncan v. Henry*, 513 U.S. 364 (1995) reasoned: "If state courts are to be given the opportunity to correct alleged

violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution." *Id*. at 365–66 (emphasis added). For example, "[i]f a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court." *Id*. (emphasis added).

## IV. <u>STATUTE OF LIMITATIONS</u>

Additionally, the Court cautions Petitioner that under the Antiterrorism and Effective Death Penalty Act of 1996, a one-year period of limitation shall apply to a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)–(D).

The Court notes that the statute of limitations does not run while a properly filed state habeas corpus petition is pending. *See* 28 U.S.C. § 2244(d)(2); *see also Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999); *but see Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (holding that "an application is 'properly filed' when its delivery and acceptance [by the appropriate court officer for placement into the record] are in compliance with the

applicable laws and rules governing filings"). However, absent some other basis for tolling, the statute of limitations does run while a federal habeas petition is pending. *Duncan v. Walker*, 533 U.S. 167, 181–82 (2001).

## V. CONCLUSION

For the foregoing reasons, Court **DENIES** Petitioner's motion to proceed in forma pauperis and **DISMISSES** this case without prejudice and with leave to amend. If Petitioner wishes to proceed with this case, he must, on or before **August 17, 2021**: (1) pay the $5.00 filing fee or submit adequate proof of his inability to pay the fee; and (2) file a Second Amended Petition that cures the pleading deficiencies outlined in this Order. The Court further **DIRECTS** the Clerk of Court to mail Petitioner a blank motion to proceed in forma pauperis form and a blank Second Amended Petition form together with a copy of this Order.

**IT IS SO ORDERED.**

Dated: June 11, 2021

_____
HON. MICHAEL M. ANELLO
United States District Judge