# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ANDREW ROCKHOLD, <br><br> Petitioner, <br><br> v. <br><br> WILLIAM GORE, et al., <br><br> Respondents. | Case No. 21-cv-835-MMA (MSB) <br><br> **ORDER DENYING MOTION TO PROCEED IN FORMA PAUPERS, DISMISSING CASE WITHOUT PREJUDICE AND WITH LEAVE TO AMEND, AND DIRECTING CLERK TO UPDATE PETITIONER'S ADDRESS** <br><br> [Doc. No. 5] |

On April 28, 2021, Michael Andrew Rockhold ("Petitioner"), a state prisoner proceeding *pro se*, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Doc. No. 1 ("Petition"). On May 7, 2021, the Court dismissed the case without prejudice and with leave to amend because Petitioner had failed to: (1) either pay the $5.00 filing fee or move to proceed in forma pauperis; and (2) allege a federal constitutional violation. Doc. No. 2. The Court granted Petitioner until July 13, 2021, to either pay the $5.00 filing fee or submit adequate proof of his inability to pay the fee and file a First Amended Petition that cured the pleading deficiencies outlined in the Court's May 7, 2021 Order. *Id.*

On June 4, 2021, the Court received a document entitled "Motion and Order to Vacate Judgment," which the Court construed as a First Amended Petition, *see* Doc. Nos. 4–5 ("FAP"), and on June 7, 2021, Petitioner filed a motion to proceed in forma pauperis ("IFP"), *see* Doc. No. 3. The FAP was officially filed on June 11, 2021. Doc. No. 5. That same day, the Court denied Petitioner's motion to proceed IFP and dismissed the case without prejudice and with leave to amend because Petitioner had failed to state a cognizable federal claim and to allege exhaustion of his state judicial remedies. Doc. No. 6.

Petitioner listed George Bailey Detention Center ("GBDC"), located at 446 Alta Road in San Diego, California, as his place of incarceration in his original Petition and on the FAP. The Court takes judicial notice of the fact, however, that according to the San Diego Sheriff Department's website, Petitioner is now incarcerated at the Vista Detention Center, located at 325 South Melrose Drive, Vista, California. Accordingly, because Petitioner may not have received the Court's June 11, 2021, Order denying his motion to proceed in forma pauperis and dismissing the petition, the Court hereby reissues that Order and grants Petitioner additional time in which to comply with it.

## MOTION TO PROCEED IN FORMA PAUPERIS

Petitioner has not provided the Court with sufficient information to determine his financial status. A request to proceed IFP made by a state prisoner must include a signed certificate from the warden or other appropriate officer showing the amount of money or securities Petitioner has on account in the institution. Rule 3(a)(2), Rules Governing Section 2254 Cases; *see also* CivLR 3.2. Petitioner has failed to provide the Court with the required Prison Certificate. Accordingly, the Court **DENIES** Petitioner's request to proceed IFP.

## FAILURE TO STATE A COGNIZABLE FEDERAL CLAIM

Additionally, Petitioner has again failed to allege that his state court conviction or sentence violates the Constitution of the United States. Title 28, section 2254(a) of the

United States Code, sets forth the following scope of review for federal habeas corpus claims:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a); *see Hernandez v. Ylst*, 930 F.2d 714, 719 (9th Cir. 1991). Thus, to present a cognizable federal habeas corpus claim under § 2254, a state prisoner must allege both that he is in custody pursuant to a "judgment of a State court," and that he is in custody in "violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

While Petitioner has alleged that his trial counsel was ineffective and that "[the] court and prosecutor failed to provided exculpatory evidence of the securities and proceeds," he has not presented any facts to support the allegation and the remainder of his Petition consists of several pages of incomprehensible allegations. Doc. No. 5 at 2, 4. Rule 2(c) of the Rules Governing Section 2254 Cases states that the petition "shall set forth in summary form the facts supporting each of the grounds . . . specified [in the petition]." Rule 2(c), Rules Governing Section 2254 Cases; *see also Boehme v. Maxwell*, 423 F.2d 1056, 1058 (9th Cir. 1970) (affirming the trial court's dismissal of federal habeas proceeding where petitioner made conclusory allegations instead of factual allegations showing that he was entitled to relief). While courts should liberally interpret *pro se* pleadings with leniency and understanding, this should not place on the reviewing court the entire onus of ferreting out grounds for relief. *See Zichko v. Idaho*, 247 F.3d 1015, 1020 (9th Cir. 2001). In order to satisfy Rule 2(c), Petitioner must point to a "real possibility of constitutional error." *Blackledge v. Allison*, 431 U.S. 63, 75 n.7 (1977) (quoting Advisory Committee Note to Rule 4, Rules Governing Habeas Corpus Cases). Facts must be stated in the petition with sufficient detail to enable the Court to determine,

from the face of the petition, whether further habeas corpus review is warranted. *Adams v. Armontrout*, 897 F.2d 332, 334 (8th Cir. 1990).

This Court would have to engage in a tenuous analysis in order to attempt to identify and make sense of the FAP.  Moreover, the lack of factual support prevents Respondents from being able to assert appropriate objections and defenses.  Accordingly, the Court **DISMISSES** the FAP with leave to amend.  Should Petitioner file a Second Amended Petition, he is advised to clearly and succinctly state all grounds for relief using the Second Amended Petition form sent to Petitioner with this Order.

### FAILURE TO ALLEGE EXHAUSTION OF STATE JUDICIAL REMEDIES

Further, the Court notes that Petitioner cannot simply amend his Petition to state a federal habeas claim and then refile the amended petition in this case.  He must exhaust state judicial remedies before bringing his claims via a federal habeas petition.  State prisoners who wish to challenge their state court conviction must first exhaust state judicial remedies.  28 U.S.C. § 2254(b)–(c); *Granberry v. Greer*, 481 U.S. 129, 133–34 (1987).  To exhaust state judicial remedies, a California state prisoner must present the California Supreme Court with a fair opportunity to rule on the merits of every issue raised in his or her federal habeas petition. *See* 28 U.S.C. § 2254(b)–(c); *Granberry*, 481 U.S. at 133–34.  Moreover, to properly exhaust state court judicial remedies, a petitioner must allege, in state court, how one or more of his or her federal rights have been violated.  The Supreme Court in *Duncan v. Henry* reasoned: "If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution." 513 U.S. 364, 365–66 (1995).  For example, "[i]f a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court." *Id.*

## STATUTE OF LIMITATIONS

Additionally, the Court cautions Petitioner that under the Antiterrorism and Effective Death Penalty Act of 1996, a one-year period of limitation shall apply to a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)–(D).

The Court also notes that the statute of limitations does not run while a properly filed state habeas corpus petition is pending. 28 U.S.C. § 2244(d)(2); *see Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999); *but see Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (holding that "an application is 'properly filed' when its delivery and acceptance [by the appropriate court officer for placement into the record] are in compliance with the applicable laws and rules governing filings"). However, absent some other basis for tolling, the statute of limitations does run while a federal habeas petition is pending. *Duncan v. Walker*, 533 U.S. 167, 181–82 (2001).

## CONCLUSION

For the foregoing reasons, the Court **DENIES** Petitioner's motion to proceed IFP and **DISMISSES** this case without prejudice and with leave to amend. If Petitioner

wishes to proceed with this case, he must, no later than **March 14, 2022**: (1) pay the $5.00 filing fee or submit adequate proof of his inability to pay the fee; and (2) file a Second Amended Petition that cures the pleading deficiencies outlined in this Order. The Court **DIRECTS** the Clerk of Court to mail Petitioner a blank motion to proceed in forma pauperis form and a blank Second Amended Petition form together with a copy of this Order. The Court further **DIRECTS** the Clerk of Court to change Petitioner's address in the Court's docket to reflect Petitioner's current place of incarceration.

**IT IS SO ORDERED**.

Dated: January 10, 2022

_____
HON. MICHAEL M. ANELLO
United States District Judge